IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-00032-PAB-MJW

JOHN SANDOVAL,

    Plaintiff,

v.

LAKE COUNTY, STATE OF COLORADO, through
its Board of County Commissioners,

    Defendant.

---

### STIPULATION FOR PROTECTIVE ORDER [Docket No 28-1]

---

The respective parties, through their attorneys, hereby stipulate and agree as follows:

1. In this action, the Defendant has sought and/or may seek to discover Confidential Information, including but not limited to Protected Health Information. "Confidential Information" and "Protected Health Information."

2. The Plaintiff has sought certain personnel information or other information from the Defendant that the Defendant may want to have protected as Confidential Information.

3. The purpose of this Stipulated Protective Order is to prevent misuse of Confidential or Privileged Information and to preclude disclosure of Confidential or Privileged Information to any third person or entity not subject to or a party to this litigation

4. The purpose of this Stipulation for Protective Order is to prevent disclosure and use of Confidential or Privileged Information, including but not limited to Protected Health Information to third persons, but to allow the use of such information for any purpose related to

1

the litigation.

5. The Parties agree that the motion for a protective order does not constitute a global waiver as to whether any Confidential Information, Protected Health Information or information subject to privilege is discoverable, but rather, is a mechanism by which such information that is disclosed is prevented from being used for any purpose outside of the litigation by Defendant.

6. "Confidential Information," includes but is not limited to, information that is confidential and implicates common law and statutory privacy interests of one of the parties. *See, e.g.* COLO.REV.STAT. §13-90-107(1)(d) (physician patient privilege); *Alcon v. Spicer*, 113 P.3d 735 (Colo. 2005); *Weil v. Dillon Co., Inc.*, 109 P.3d 127 (Colo. 2005); COLO.REV.STAT. §24-72-204(a)(II)(A) (concerning disclosure of personnel/employment files); *Everett v. Brezzel*, 750 F.Supp. 1063 (D.Colo. 1990); *Martinelli v. District Court*, 612 P.2d 1083 (Colo. 1980). This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Colorado Rules of Civil Procedure and designated as "Confidential" pursuant to the terms of this Protective Order. "Confidential Information" may include, but is not limited to medical records and/or Protected Health Information;

7. "Protected Health Information" includes, but is not limited to: a patient's name, address, birth date, admission date, discharge date, telephone number, email address, social security number, medical records number, insurance plan information and account number.

8. As used in this Protective Order, "document" is defined as provided by ~~C.R.C.P.~~ Fed. R. Civ. P.

2

*MJW 8-5-13*

34(a). A draft or non-identical copy is a separate document within the meaning of this term.

9. Documents containing "Confidential Information," including "Protective Health Information," shall be designated as CONFIDENTIAL by placing or affixing on them (<u>in a manner that will not interfere with their legibility</u>) the following or other appropriate notice: "CONFIDENTIAL." One who provides, serves, discloses or files any nonpublic documents or information in connection with the litigation and who in good faith believes such documents or information contains nonpublic personal, private, medical, or other information implicating privacy interests, business interests or proprietary interests may designate such documents or information as "Confidential." The documents or information so designated shall be deemed "Confidential Information" subject to this Protective Order. Designation or identification, or assertion of a document as Confidential or as Privileged Information does not necessarily indicate that it is or is not discoverable.

10. Any responses to discovery requests may be designated as confidential by imprinting the word "CONFIDENTIAL" next to or about the response.

11. Whenever a deposition involves the disclosure of "Confidential Information," the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible; but a party may designate portions of deposition as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. Admissibility of the "Confidential Information" will be reserved for and addressed at trial.

12. Individuals authorized to review "Confidential Information" pursuant to this Protective Order including, but not limited to, the Plaintiff and the Defendant and Defendant's commissioners, officers, and officials, and their undersigned counsel. Such persons shall hold "Confidential Information: in confidence and shall not divulge the "Confidential Information," either verbally or in writing, to the media or any other person, entity unless authorized to do so by the court order. "Confidential Information" shall not be used for any purpose except the preparation and trial of this case. "Confidential Information" shall not be communicated by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone, except for purposes of this case, and unless such person is directly associated with prosecuting or defending this case or is a witness, deponent, expert or other individual involved in the prosecution or defense of this case. Any person to whom Confidential Information is disclosed other than legal counsel or legal counsel's staff or a party shall execute the Written acknowledgment set forth in Attachment A before the information is disclosed.

13. "Confidential Information" may be disclosed to the following, provided that these persons comply with the terms of this Protective Order:

(a) attorneys actively working on this case and their support staff;

(b) persons employed or associated with or agents of or with the attorneys working on this litigation;

(c) the Parties;

(d) designated representatives of Defendant, including Defendant's employees, agents, representatives, and insurers;

(e) expert witnesses, treating physicians or health care providers,

investigators, and consultants retained in connection with the litigation, to the extent such disclosure is necessary for preparation of the hearing;

    (f)    the Court and employees of the United States District Court;

    (g)    stenographic reporters who are engaged in proceedings necessarily incident to the litigation;

    (h)    deponents, witnesses, or potential witnesses;

    (i)    and, other persons by written agreement of the parties who execute the attached Exhibit A.

14. Prior to disclosing any "Confidential Information" to any person listed in paragraph 13(e); (h) and (i) above, counsel shall provide such person with a copy of this Protective Order and have such person execute a copy of Exhibit A acknowledging that he or she has read this Protective Order and agreed to be bound by its provision. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court, if good cause for review is demonstrated by opposing counsel.

15. This Stipulation for Protective Order shall not prohibit or restrain any party from performing the tasks necessary to prepare for hearing; however, any redisclosure or communication of the information covered by this Protective Order, except as specifically allowed by the Protective Order for the purposes of this litigation only, is strictly prohibited. The object of this Stipulation is that none of the information revealed in connection with such protections be used for any purpose other than in relation to the litigation and that no one be allowed to use any information produced pursuant to this order in connection with any other issue, dispute, litigation or charge against Plaintiff whether currently pending or contemplated in

the future except as ordered by the Court or authorized by law.

16. No reproduction of information disclosed in reliance in this Stipulation for Protective Order is authorized, except ot the extent copies are required to prepare the case for trial. All copies, excerpts, or summaries made, shown, or given to those authorized hereby and according to the provisions hereof shall be stamped to indicate the protected and confidential nature of the disclosed information. Review of "Confidential Information" by counsel, experts or consultants for the litigation will not constitute any waiver of the confidentiality of the document or of any objections to production. The inadvertent, unintentional, or *in camera* disclosure of "Confidential Information" shall not, under any circumstances, be deemed a waiver, in whole or in part, of any claims of confidentiality.

17. Whenever a deposition involves the disclosure of "Confidential Information," the deposition or portions thereof shall be designated as CONFIDENTIAL and subject to this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. The cover page and those portions of the original transcripts that contain "Confidential Information" shall bear the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," and shall be bound separately from the non-confidential portions of the transcript. Any deposition exhibits designated confidential shall also be bound separately.

18. Any party may object to the designation of particular "Confidential Information" by giving written notice to the party designating the disputed information. The written notice

shall identify the information to which the objection is made. If the Parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the Party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order within thirty (30) days of the aforementioned notice. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Stipulation for a Protective Order until the Court rules on the motion. In connection with a motion filed under this provision, the Party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

19. In the event it is necessary for the Plaintiff to file "Confidential Information" with the Court in connection with any proceeding or motion, the "Confidential Information" shall be filed in accordance with the requirements of the Federal Rules of Civil Procedure ⟨And D.C. Colo. L. Civ. R. 7.2⟩ Upon the termination of this litigation, counsel shall be responsible for retrieving any and all copies which they have caused to be made of "Confidential Information" and either destroying such copies or returning such copies to the providing party. Counsel may retain a single set of "Confidential Information" for a period of no more than three years from the conclusion of the litigation at which time the "Confidential Information" shall either be returned or destroyed. ⟨MJW 8-5-13⟩

20. Stamped "Confidential Information" documents shall not be filed with the Court except when required in connection with motions including but not limited to, motions under ~~C.R.C.P~~ ⟨Fed. R. Civ. P.⟩ 12 or 56, motions to determine confidentiality under the terms of this Protective Order, motions *in limine* and motions related to discovery disputes if the "Confidential Information" ⟨MJW 8-5-13⟩

7

documents are relevant to the motion. All "Confidential Information" maintained by the Court under ~~seal~~ Restricted Access Level I shall be released only upon further Order of the Court.

21. This Stipulation and any order entered pursuant to this agreement may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

22. Nothing in this Stipulation shall prevent any party or other person from objecting to discovery that the party or other person believes to be improper. Nor shall it prejudice the right of any party to contest the alleged relevancy, admissibility or discoverability of "Confidential Information" or information sought.

*MJW 8-5-13*

FINGER & NEWCOMB, P.C.

s/William S. Finger
William S. Finger
*Counsel for Plaintiff*

FOWLER, SCHIMBERG & FLANAGAN, P.C.

Tim Schimberg
Andrew Bronson
*Counsel for Defendant*

Approved By: August 5, 2013

BY THE COURT:

*signature*
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-00032-PAB-MJW

JOHN SANDOVAL,

    Plaintiff,

v.

LAKE COUNTY, STATE OF COLORADO, through
its Board of County Commissioners,

    Defendant.

---

**EXHIBIT A TO PROTECTIVE ORDER – CONFIDENTIALITY AGREEMENT**

---

    I, _____, the undersigned, hereby acknowledge that I have read the Protective Order issued by the Court in the above-captioned action, and I understand the terms and conditions of such Protective Order governing the restricted use of information and materials obtained from the parties and provided to me for the sole purpose of the above captioned action, and hereby agree to keep all such information and materials strictly and absolutely confidential, and in all other respects to be bound by the terms of the Protective Order.

    My current address and telephone number is: _____

_____

_____


_____
Signature